UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

Rcv'd by: HD

**TYRIK RONALD MACK,**

Plaintiff,

v.

**CITY OF BALTIMORE,**
**BALTIMORE POLICE DEPARTMENT,**
**OFFICER JOHN DOE1.** In his individual and Official Capacity
**OFFICER JOHN DOE2.,** In his Individual Capacity and Official Capacity,
**SERGEANT SCOTT HARDY** (Badge No. 679). In his Individual and Official Capacity

Defendants.

Civil Action No. JRR 2 5 CV 4 0 7 7

**JURY DEMAND**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND STATE TORT CLAIMS**

USDC- BALTIMORE
'25 DEC 11 PM3:25

# I. INTRODUCTION

1. This is an action for damages and injunctive relief brought by Plaintiff Tyrik Ronald Mack against the City of Baltimore, the Baltimore Police Department (BPD), and individual BPD officers and supervisory personnel, including OFFICER DOE 1, OFFICER DOE 2, and SERGEANT Scott DOE, in their individual and official capacities.

2. The action arises from the Defendants' deliberate and unlawful seizure of Mr. Mack's person and vehicle on November 13, 2025, which violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, actionable under 42 U.S.C. § 1983.[1]

3. Specifically, Defendant Officer Doe 1 initiated a traffic stop and detention based on investigative suspicion, despite possessing or having access to official database information that explicitly confirmed the vehicle's registration was valid and in good standing.[2] This intentional seizure, lacking any objective probable cause or reasonable articulable suspicion, led directly to the unlawful demand for Mr. Mack's identification, the subsequent discovery of his license status, and his resulting false arrest and criminal charges (Case No. M200809744239), constituting the compensable "fruit of the poisonous tree".[3]

4. Plaintiff also brings state law claims for Malicious Prosecution, and violations of the Maryland Declaration of Rights, all of which are preserved by timely statutory notice [2]

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (Civil Rights).

6. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the

claims occurred in Baltimore City, Maryland [2]

## III. PARTIES

8. **Plaintiff TYRIK RONALD MACK** is an adult resident of the State of Maryland.

9. **Defendant CITY OF BALTIMORE** is a municipal corporation and local government entity organized under the laws of the State of Maryland, responsible for the policies, practices, and training of the Baltimore Police Department and its employees.[4]

10. **Defendant BALTIMORE POLICE DEPARTMENT (BPD)** is an agency, department, or arm of the City of Baltimore and is responsible for law enforcement in Baltimore City, Maryland. The City of Baltimore is required to indemnify the BPD and its employees for damages related to this claim pursuant to the Maryland Local Government Tort Claims Act (LGTCA).[5]

11. **Defendant OFFICER DOE 1, OFFICER DOE 2,** and **SERGEANT Scott DOE** (collectively, the "Individual Defendants") are officers/supervisory personnel of the Baltimore Police Department whose identities are currently unknown (badge numbers to be determined through discovery), who were acting under color of law and within the scope of their

employment during the incident on November 13, 2025.[2] The Individual Defendants are sued in their individual capacities for punitive damages and in their official capacities for declaratory and injunctive relief.

## IV. FACTUAL ALLEGATIONS

12. On November 13, 2025, at approximately 2:29 PM, Plaintiff Tyrik Ronald Mack was lawfully operating a 2015 Dodge vehicle (MD Tag TFL6545) in the vicinity of 2100 McCulloh St, Baltimore City, MD.[2] The vehicle was legally registered to a business entity owned by Mr. Mack.[2]

13. At that time, Individual Defendant Officer Doe 1, acting in concert with Officer Doe 2 and under the authority of Sergeant Doe 3, was on duty and acting under color of state law.[2]

14. Upon information and belief, prior to initiating a stop, Officer Doe 1 conducted a database query regarding the vehicle's registration.[2]

15. This database query confirmed, or would have confirmed, that the vehicle's registration was **valid and in good standing**

16. Despite possessing this definitive, exculpatory information, which negated any reasonable articulable suspicion or probable cause

that a traffic violation related to the vehicle's status had occurred, Officer Doe 1, intentionally and in bad faith, initiated a traffic stop and seized Mr. Mack's person and vehicle.[2]

17. The seizure was pretextual, lacking the objective legal justification required by the Fourth Amendment and the Maryland Declaration of Rights, Article 26.[7]

18. As a direct consequence of this unlawful seizure, Officer Doe 1 then demanded Mr. Mack's identification.[2]

19. The ensuing discovery of Mr. Mack's driver's license status was then used as the **sole basis** to charge him with eight (8) violations, including multiple jailable "Must Appear" offenses (Case No. M200809744239).[2]

20. The charges, the resulting false arrest, the detention, and the imposition of legal process upon Mr. Mack are the direct and proximate result of the initial, illegal seizure of his person and vehicle, and thus constitute the "fruit of the poisonous tree.

3
.

## V. COMPLIANCE WITH THE LOCAL GOVERNMENT TORT CLAIMS ACT

21. Plaintiff has fully complied with the notice requirements of the Maryland Local Government Tort Claims Act (LGTCA), Md. Code Ann., Cts. & Jud. Proc. § 5-301, et seq..[4]

22. A formal written Notice of Claim, dated November 13, 2025, detailing the time, place, and cause of the injury, was served upon the Office of the City Solicitor for Baltimore City on November 14, 2025, by Certified Mail.[8] This service was completed well within the statutory one-year requirement, preserving all state and constitutional claims against the municipal Defendants and their employees.[2]

## VI. CAUSES OF ACTION

### COUNT I: UNLAWFUL SEIZURE (42 U.S.C. § 1983 - Fourth and Fourteenth Amendments)

23. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

24. The actions of the Individual Defendants in stopping, seizing, and detaining Mr. Mack without probable cause or reasonable articulable suspicion, and doing so with the confirmed knowledge that the basis for

the stop was invalid, constituted an unreasonable seizure.[1]

25. The Individual Defendants acted under color of state law to violate Mr. Mack's clearly established Fourth Amendment right to be free from unreasonable seizure of his person and effects, made applicable to the states through the Fourteenth Amendment [1]

26. The Individual Defendants acted with malice, ill will, and improper motivation, or reckless indifference, in intentionally initiating the stop despite possessing exculpatory information from their database check.[2]

27. As a direct and proximate result of the Individual Defendants' unconstitutional conduct, Mr. Mack suffered severe injury, including unlawful seizure of his person, false imprisonment, emotional distress, and the incurrence of significant legal fees and defense costs.[2]

## COUNT II: MALICIOUS PROSECUTION (42 U.S.C. § 1983 – Fourth Amendment) (Contingent)

28. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

29. This claim is contingent upon the favorable termination of the underlying criminal charges (Case No. M200809744239), which

Plaintiff expects to occur without a conviction.[10]

30. The Individual Defendants initiated and maintained criminal proceedings against Mr. Mack by causing charges (Case No. M200809744239) to be filed and maintained.[11]

31. These proceedings were initiated without probable cause, as the foundation for the charges (the illegally obtained identification) flowed directly from the initial unlawful seizure, which was initiated with confirmed exculpatory knowledge [2]

32. The Individual Defendants acted maliciously, or for a purpose other than bringing the Plaintiff to justice, by utilizing the fruits of the unlawful seizure to file criminal charges.[11]

33. As a direct and proximate result of the Individual Defendants' malicious prosecution, Mr. Mack has suffered injury, including continued seizure under legal process, emotional distress, and significant financial losses, including legal defense costs.[2]

## COUNT III: VIOLATION OF THE MARYLAND DECLARATION OF RIGHTS
### (Article 26)

34.  Plaintiff incorporates by reference the allegations contained in

the preceding paragraphs.

35. Article 26 of the Maryland Declaration of Rights mirrors the protections of the Fourth Amendment [7]

36. The Individual Defendants violated Mr. Mack's rights under Article 26 of the Maryland Declaration of Rights by seizing his person and vehicle without probable cause and without reasonable articulable suspicion, and doing so in an intentional, bad-faith manner, thereby subjecting him to an unreasonable seizure.[7]

37. As a direct and proximate result of this violation, Mr. Mack has suffered and continues to suffer damages.

## COUNT IV: UNLAWFUL SEIZURE (Maryland Common Law)

38. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

39. The Individual Defendants intentionally confined and restrained Mr. Mack's movement by conducting a traffic stop and detention against his will.[13]

40. This confinement was not supported by lawful authority or legal justification because the officer had confirmed the registration was valid,

thereby removing any objective basis for the seizure. The detention was then prolonged beyond any legitimate scope for investigation.[13]

41. The subsequent formal process of charging and arresting Mr. Mack for offenses discovered during the unlawful stop constitutes False Arrest [16]

42. As a direct and proximate result of the Individual Defendants' False Arrest and False Imprisonment, Mr. Mack has suffered physical restraint, duress, emotional distress, loss of liberty, and other injuries.

## COUNT V: A MONELL CLAIM

**COUNT V: MONELL CLAIM AGAINST CITY OF BALTIMORE AND BALTIMORE POLICE DEPARTMENT (42 U.S.C. § 1983 - Failure to Train and Deliberate Indifference)**

43. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

44. Defendants CITY OF BALTIMORE and BALTIMORE POLICE DEPARTMENT are liable under 42 U.S.C. § 1983 because the constitutional violations committed by the Individual Defendants were the result of a custom, policy, or practice of the municipal Defendants, and not merely isolated acts.

45. The municipal Defendants exhibited deliberate indifference to the constitutional rights of citizens like Mr. Mack by failing to adequately train and

supervise their officers, particularly supervisory personnel, regarding: (a) the Fourth Amendment standards for initiating and continuing traffic stops, especially when exculpatory database information is available; and (b) a supervisor's affirmative duty to intervene and correct known constitutional violations.

46. Upon information and belief, Defendant **SERGEANT SCOTT HARDY** (Badge No. 679) arrived at the scene and witnessed the ongoing unlawful detention of Mr. Mack. Sergeant Hardy acknowledged that the vehicle's registration was "good" and that the car was "clearly registered to the Plaintiff company," thereby confirming that the initial basis for the stop was invalid and the seizure was unlawful.

47. Despite witnessing the unlawful seizure and possessing the authority and obligation to correct the constitutional violation, Sergeant Hardy failed to intervene. He stated that if it were his own decision, he "would let the Plaintiff go," yet he permitted the unlawful detention to continue, which directly led to the discovery of Mr. Mack's license status.

48. Sergeant Hardy's deliberate inaction and failure to correct the known constitutional wrongdoing was a decision made pursuant to a new, unwritten policy, custom, or practice of the Baltimore Police Department, which sanctions,

ratifies, or encourages officers and supervisors to prolong unlawful detentions or overlook clear constitutional violations in pursuit of other charges.

49. This policy, custom, or practice, as evidenced by Sergeant Hardy's deliberate indifference in failing to act, was the moving force behind the constitutional violations and resulting injuries suffered by Mr. Mack.

50. As a direct and proximate result of the municipal Defendants' deliberate indifference and unconstitutional policies, Mr. Mack suffered severe injury, including unlawful seizure of his person, emotional distress, and the incurrence of significant legal fees and defense costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyrik Ronald Mack prays for judgment against the Defendants, jointly and severally, and demands the following relief:

A. **Compensatory Damages:** An award of compensatory damages against all Defendants sufficient to compensate Plaintiff for all past and future injuries, including, but not limited to, damages for unlawful seizure, emotional distress, duress, reputational damage, and significant legal fees and defense costs incurred in the underlying criminal case (Case No. M200809744239), in an amount to be determined by the trier of fact, subject to the statutory limit of **$890,000** for the municipal Defendants' liability arising from constitutional violations by law enforcement.[5]

B. **Punitive Damages:** An award of punitive damages against the Individual

Defendants (OFFICER DOE 1, OFFICER DOE 2, and SERGEANT DOE 3) in their individual capacities, based on their intentional, willful, malicious, and bad faith conduct.[2]

C. **Attorneys' Fees and Costs:** An award of reasonable attorneys' fees and the costs of this suit pursuant to 42 U.S.C. § 1988 and Maryland law.

D. **Jury Trial:** A trial by jury on all issues so triable.

E. **Other Relief:** Such other and further relief as the Court deems just and equitable.

Dated: November 18, 2025

**Plaintiff swears under the penalty of perjury that he has read the contents of the complaint and finds it true and correct pursuant to 28 USC 1746. And this action is not being used to harass**

*[signature]*  Recourse perjury

Tyrik R. Mack

400 Pratt Street, 8th Floor

Baltimore M.D. 21202